**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**EAST SUSSEX CHILDREN SERVICES,**

    Petitioner,

**v.**                                                      **CIVIL ACTION NO. 3:12-CV-141
(JUDGE GROH)**

**CARLY LOUISE MORRIS and
RALPH REGIS MORRIS,**

    Respondents.

**MEMORANDUM OPINION AND ORDER DENYING RESPONDENTS'
MOTION FOR RECONSIDERATION**

**I. Introduction**

On February 4, 2013, Respondents filed their "First Motion to Reconsider Order of the Court" [Doc. 42]. On February 19, 2013, Petitioner filed its "Memorandum in Opposition to Motion for Reconsideration" [Doc. 57]. On February 25, 2013, Respondents appeared in person and by counsel, William M. Gruel. Petitioner was represented by counsel, Stephen J. Cullen and Laura C. Davis. Upon consideration of the written and oral arguments of counsel and for the following reasons, the Court **DENIES** Respondents' "First Motion to Reconsider Order of the Court."

**II. Facts and Procedural History**

On December 3, 2012, Petitioner filed a Verified Petition for Return of Child to United Kingdom. The Petition concerned a minor child, S.A.M. On December 5, 2012, the Court entered an Order to Show Cause why the Verified Petition for Return of Child

1

should not be granted. On December 11, 2012, Respondents, S.A.M.'s Mother and Step-Father, filed their response. On December 13, 2012, the Court held a Show Cause Hearing. At the Show Cause Hearing, the Court, among other things, set a Final Evidentiary Hearing. The Final Evidentiary Hearing was held on January 4, 2013, and the Court listened to testimony, received evidence, and heard arguments from the parties. The Court issued its ruling granting the Petitioner's Verified Petition on January 22, 2013, after Petitioner proved by a preponderance of the evidence that Respondents' removal of S.A.M. from the United Kingdom was wrongful and in breach of Petitioner's custody rights under the Hague Convention and Respondents failed to present any adequate defense. On February 4, 2013, Respondents, through recently obtained counsel, filed a motion to reconsider. On February 19, 2013, Petitioner filed its response.

### III. Jurisdiction

This Court has jurisdiction pursuant to The Convention on the Civil Aspects of International Child Abduction ("Hague Convention")[1] and the International Child Abduction Remedies Act ("ICARA"). The district courts of the United States have been granted original jurisdiction over actions arising under the Hague Convention. **42 U.S.C. § 11603**.

Venue is appropriate because ICARA provides that a Hague Convention petitioner can bring a Hague Convention action only in the place where the child is located**. 42 U.S.C. § 11603**. In this case, S.A.M. resides in Hedgesville, West Virginia.

---

[1] Both the United States and the United Kingdom are signatories to the Hague Convention.

Therefore, she is located in the Northern District of West Virginia. Additionally, the parties do not dispute that this Court's jurisdiction and venue is proper.

### IV. Discussion

Respondents have not cited a Federal Rule of Civil Procedure in filing their "First Motion to Reconsider." Moreover, the Federal Rules of Civil Procedure do not expressly recognize motions for "reconsideration." Instead, Rule 59(e) authorizes a district court to alter, amend, or vacate a prior judgment, and Rule 60 provides for relief from judgment. Generally, if a motion is "served not later than 28 days after entry of the judgment," it will be treated as a motion under Rule 59(e). *See* **FED. R. CIV. P. 59(e)**; *see* ***Small v. Hunt***, 98 F.3d 789 (4th Cir. 1996) (citing ***Campbell v. Bartlett***, 975 F.2d 1569, 1580 n.15 (10th Cir. 1992) ("Motions served within [28] days of judgment ordinarily will fall under Rule 59(e), while motions served later fall under Rule 60(b)) (internal quotations omitted)).[2] In this case, Respondents filed a "motion to reconsider," and they failed to identify the Federal Rule of Civil Procedure under which their motion is brought. Out of an abundance of caution, the Court will consider Respondents' arguments under both Rule 59(e) and Rule 60(b).

### A. Rule 59(e)

#### 1. Legal Standard

The United States Court of Appeals for the Fourth Circuit has repeatedly recognized that a judgment may be amended under Rule 59(e) in only three

---

[2]The cited case law provided that motions served with 10 days of judgment ordinarily will fall under Rule 59(e); however, Rule 59(e) has since been amended to provide 28 days, rather than 10 days.

3

circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of the law or prevent manifest injustice. See **Gagliano v. Reliance Standard Life Ins. Co.**, 547 F. 3d 230, 241 n. 8 (4th Cir. 2008). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment." **Pac Ins. Co. v. Am. Nat'l Fire Ins. Co.**, 148 F.3d 396, 403 (4th Cir. 1998) (quoting 11 Wright, Miller & Kane, *Federal Practice and Procedure* § 2810.1, at 127-28 (2d ed. 1995)). If a party attempts to present newly discovered evidence in support of its Rule 59(e) motion, it "must produce a legitimate justification for not presenting the evidence during the earlier proceeding." *Id.* (internal citations and quotation marks omitted). "In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Id.* (internal citations and quotation marks omitted).

### 2. Analysis

In this case, Respondents filed their motion to reconsider within twenty-eight days of the entry of judgment as the judgment was delivered to the parties in person at a hearing on January 22, 2013 and their motion was filed on February 4, 2013. Therefore, Respondents' motion is timely under Rule 59(e).

Although a motion for reconsideration under Federal Rule of Civil Procedure 59(e) is committed to the discretion of the Court, as outlined earlier, the Fourth Circuit has recognized only three grounds for amending an earlier judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence

not available at trial; or (3) to correct a clear error of law or prevent manifest injustice."
*Pac. Ins. Co.*, 148 F.3d at 402-03. Respondents have not cited any specific ground to amend this Court's judgment. However, the Court categorizes the Respondents' arguments as seeking an amended judgment (1) to account for new evidence not available at trial and (2) to correct a clear error of law or prevent manifest injustice. There has been no intervening change in the law since entry of this Court's Return Order, and Respondents have not alleged an intervening change in law.³ Petitioner argues in its response that no grounds exist for granting Respondents' motion pursuant to Rule 59(e).

### a. Newly Discovered Evidence

Respondents present the Final Psychological Report of Dr. Andrew L. Pickering of the Stuart Family as evidence that "S.A.M. would be placed in an intolerable situation were she to be returned to the United Kingdom and forced against her will to live with her maternal grandmother or her biological father." ([Doc. 42], p. 18).

In the Fourth Circuit, the standard governing relief on the basis of newly discovered evidence is the same whether the motion is brought under Rule 59 or Rule 60. ***United States Fidelity & Guaranty Co. v. Lawrenson***, 334 F.2d 464, 475 n. 2 (4th Cir.), *cert. denied*, 379 U.S. 869, 85 S. Ct. 141 (1964). Therefore, Rule 59 requires that a party demonstrate:

---

³The Court reviewed the United States Supreme Court's recent opinion *Chafin v. Chafin*, 2013 WL 598436, __ S. Ct. __ (Feb. 19, 2013), in rendering this opinion. However, *Chafin* does not present an intervening change in the law relevant to this Court's decision as *Chafin* focused on whether the return of a child to a foreign country pursuant to a Convention return order does not render an appeal of that order moot. *Id.*

5

> (1) the evidence is newly discovered since the judgment was entered; (2) due diligence on the part of the movant to discover the new evidence has been exercised; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that is likely to produce a new outcome if the case were retried, or is such that would require the judgment to be amended.

*Boryan v. United States*, 884 F.2d 767, 771 (4th Cir. 1989) (citations omitted). Respondents fail to demonstrate even one of these five factors. Respondents do not contend that the report is "newly discovered evidence." In fact, Respondents do not allege that they newly discovered the report after the hearing or that they could not have, with reasonable diligence, discovered and produced such evidence at the hearing. Rather, the report is simply evidence that was not submitted to the Court at the prior evidentiary hearing that the Respondents now seek to rely upon. "Evidence that is available to a party prior to entry of judgment, therefore, is not a basis for granting a motion for reconsideration as a matter of law." *Quillin v. C.B. Fleet Holding Co., Inc.*, 328 Fed. Appx. 195, 203 (4th Cir. 2009) (quoting *Boryan*, 884 F.2d at 771). Respondents failed to meet their burden or even to meaningfully address the *Boryan* standard. Respondents have not shown that the report contained information not available prior to the final evidentiary hearing. Accordingly, Respondents have not carried their burden to show that the report could properly be considered.

### b. Correct a Clear Error of Law or Prevent a Manifest Injustice

A Rule 59(e) motion "is not intended to allow for reargument of the very issues that the court has previously decided." *DeLong v. Thompson*, 790 F. Supp. 594, 618 (E.D. Va. 1991), *aff'd*, 985 F.2d 553 (4th Cir. 1993) (unpublished). A party may not "raise arguments which could have been raised prior to the issuance of the judgment,

6

nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Ins. Co.*, 148 F.3d at 403.

In this case, Respondents argue that the Court erred in determining that Respondents removed S.A.M. in breach of Petitioner's custody rights under the United Kingdom's laws. Essentially, Respondents argue that Petitioner did not have any custody rights over S.A.M. and that Respondent Carly Morris, Mother, had sole custody rights over S.A.M. This is simply a reargument of the very issue that the Court previously decided. The crux of the Respondents' argument is that an institution, such as Petitioner, cannot have custody or parental rights under the Hague Convention and applicable case law. Indeed, Respondents attempt to distinguish all cases cited by the Court in its opinion on the basis that the parties were parents and not an institution. The court will briefly note that this argument is unavailing as multiple courts have held that administrative agencies or other bodies may also claim custody rights. **In Re S.J.O.B.G.**, 292 S.W.3d 764 (Tex. App. 2009) (custody rights claimed by the Child Welfare Services of Norwegian Municipality); **L.H. v. Youth Welfare Office of Wiesbaden**, 568 N.Y.S.2d 852 (Fam. Ct. 1991) (holding that where a child is placed by the German Child Welfare Office into foster care, the child's biological mother's custody rights can be taken by the court declaring the child a ward of the German court); **Brown v. Orange Cnty. Dep't of Soc. Servs.**, 91 F.3d 150, 1996 WL 366366 (9th Cir. 1996) (alleging wrongful removal of child by child welfare agency). Additionally, as the Petitioner points out, the Hague Convention recognizes that "[a] government agency and even a court may be considered under the Convention to have rights of custody of

7

a child and those rights of custody are treated no differently than a parent's rights of custody under the Convention." ([Doc. 57], p. 5) (citing Hague Convention, art. 3).

Respondents also attempt to relitigate the issue of custody rights, and Respondents argue that Petitioner never had custody rights or a *ne exeat* right. Additionally, Respondents argue a *ne exeat* right does not convey "custody rights" under the Hague Convention. In support of Respondents' argument, they rely on ***Croll v. Croll***, 229 F.3d 133 (2d Cir. 2000), aptly pointing out that the case was not cited by this Court. The Court readily admits it did not rely on or cite ***Croll v. Croll***, as that case was abrogated by the United States Supreme Court's decision in ***Abbott v. Abbott***, 560 U.S. __, 130 S. Ct. 1983 (2010). Therefore, the United States Supreme Court's holding in ***Abbott*** guided this Court's analysis.

In addition, Respondents "plead with the court to consult with their daughter and step-daughter, S.A.M., to investigate her viewpoint and assess her desires to remain in the United States with her mother, step-father and three step-sisters and her feeling about being returned to the United Kingdom." ([Doc. 42], p. 18). Respondents did not raise this defense at any point prior to this Court's January 22, 2013 Order. Therefore, this argument must be disregarded in light of the "overwhelming authority that a party should not be permitted to raise new arguments or legal theories . . . on a motion to alter or amend the judgment under Rule 59(e)." ***Pac. Ins. Co.***, 148 F.3d at 404.

Upon examining Respondents' arguments, they have failed to demonstrate that this Court committed a clear error of law or that the judgment would effect manifest injustice on the moving party. Because Respondents have failed to satisfy any of the

8

three permissible grounds upon which a Rule 59(e) motion may be established, the Court **DENIES** the Respondents' Motion for Reconsideration under Rule 59(e).

### B. Rule 60(b)

#### 1. Legal Standard

Before a party may seek relief under Rule 60(b), a party must first show "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." ***Dowell v. State Farm Fire & Cas. Auto. Ins. Co.***, 993 F.2d 46, 48 (4th Cir. 1993) (quoting ***Werner v. Carbo***, 731 F.2d 204, 207 (4th Cir. 1984)). After a party has satisfied the initial inquiry, the moving party must demonstrate at least one of the six listed grounds in Rule 60(b). ***Werner***, 731 F.2d at 207. Rule 60(b) provides:

> **Grounds for Relief from a Final Judgment, Order, or Proceeding**. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). The moving party "must clearly establish the grounds therefor to the satisfaction of the district court," and those grounds "must be clearly substantiated by adequate proof." ***In re Burnley***, 988 F.2d 1, 3 (4th Cir. 1992) (citations omitted).

9

## 2. Analysis

As a preliminary matter, Respondents have not met the threshold inquiry of "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." **Dowell**, 993 F.2d at 48 (citation omitted). Although the motion was timely because it was filed within one year of the judgment, Respondents have not alleged any of the remaining three requirements.

Also, Respondents have not specifically cited grounds for relief under Rule 60(b). However, the Court has construed Respondents' arguments as (1) newly discovered evidence and (2) other reasons justifying relief. The Court briefly addresses Respondents' arguments, assuming *arguendo*, they could meet the threshold requirements.

### a. Newly Discovered Evidence

Respondents present the Final Psychological Report of Dr. Andrew L. Pickering of the Stuart Family as evidence that "S.A.M. would be placed in an intolerable situation were she to be returned to the United Kingdom and forced against her will to live with her maternal grandmother or her biological father." ([Doc. 42], p. 18).

In the Fourth Circuit, the standard governing relief on the basis of newly discovered evidence is the same whether the motion is brought under Rule 59 or Rule 60. **United States Fidelity & Guaranty Co. v. Lawrenson**, 334 F.2d 464, 475 n. 2 (4th Cir.), *cert. denied*, 379 U.S. 869, 85 S. Ct. 141 (1964). For the reasons stated in the Court's Rule 59(e) analysis *supra*, Respondents have not shown that the report contained information not available prior to the final evidentiary hearing. Therefore, the

report does not qualify as "newly discovered evidence" under Rule 60. Accordingly, Respondents have not carried their burden, and the Court cannot properly consider the report.

### b. Other Reasons Justifying Relief

Rule 60(b)(6) is a catchall provisions allowing a court to grant relief for any reason, unless such relief has been limited by case law. **Dowell**, 993 F.2d at 48. The Fourth Circuit has stated that the reason must be "extraordinary." See **Aikens v. Ingram**, 652 F. 3d 496, 500 (4th Cir. 2011) (en banc). If the reason asserted for the Rule 60(b)(6) motion "could have been addressed on appeal from the judgment, [the Fourth Circuit] ha[s] denied the motion as merely an inappropriate substitute for an appeal." *Id.* (external citation omitted).

Respondents have simply not demonstrated, or even alleged, extraordinary circumstances to alter or amend the judgment. Respondents' arguments attempt to relitigate the custody and wrongful removal issues already decided by the Court. This is contrary to Rule 60(b)'s purpose, "not to rehash those issues which have already been addressed in an earlier ruling." **CNF Constructors, Inc. v. Dohohoe Constr. Co.**, 57 F.3d 395, 401 (4th Cir. 1995).

Because Respondents have failed to satisfy Rule 60(b)'s threshold inquiry and its specific factors, the Court **DENIES** the Respondents' Motion for Reconsideration under Rule 60.

### C. Return Order

Petitioner requests in its response that the Return Order be stayed until eight

weeks after Ms. Morris' due date. Petitioner suggests that the Respondents be ordered to return the child to the United Kingdom on July 27, 2013. Upon careful consideration of Petitioner's request, the Court finds that ordering a return eight weeks after Ms. Morris' due date will permit Ms. Morris to accompany the child back to the United Kingdom. Also, eight weeks allows additional time after the due date in the event Ms. Morris delivers late.

### V. Conclusion

Accordingly, the Court **DENIES** the Respondents' "First Motion to Reconsider Order of the Court" [Doc. 42]. The Court **STAYS** the Return Order [Doc. 36] until eight weeks after Ms. Morris' due date. The Court **FURTHER ORDERS** that the Respondents must return the child to the United Kingdom on July 27, 2013. The Court **FURTHER ORDERS** that Respondents and S.A.M. are subject to the same travel restrictions as stated in the Court's Memorandum Opinion and Order Granting the Petition [Doc. 36], however S.A.M. has permission to leave the counties of Berkeley, Jefferson, and Morgan and the State of West Virginia for school field trips. Last, the Court **FURTHER ORDERS** that a Status Hearing will be held on **June 17, 2013 at 9:00 a.m.** in the Martinsburg District Judge Courtroom to confirm the details of S.A.M.'s return to the United Kingdom.

The Clerk is directed to mail a certified copy of this Order to all counsel of record and Respondents.

**DATED:** February 27, 2013

GINA M. GROH
UNITED STATES DISTRICT JUDGE